# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-02614-REB-KLM

WILLIAM I. DALZELL,
DEVON C. PURDY,
SAM PROPERTIES V, LLC, a Colorado limited liability company,
GREGORY HALLER, and
PAMELA HALLER,

    Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability company,
S&P DESTINATION PROPERTIES, INC., a Delaware corporation, and
RP STEAMBOAT SPRINGS, LLC a Delaware limited liability company,

    Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the **Defendant Trailhead Lodge's Motion for Partial Summary Judgment** [#40][1] filed February 5, 2010. The plaintiffs filed a response [#42], and the moving defendant filed a reply [#46]. I deny the motion.[2]

---

[1] "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW & ANALYSIS

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A movant who bears the burden of proof at trial must submit evidence to establish every essential element of its claim. **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been supported properly, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

## III. ANALYSIS

The motion, response, and reply indicate that there are no disputed issues of material fact relevant to the issues addressed in the motion for summary judgment. Rather, defendant Trailhead Lodge at Wildhorse Meadows, LLC, seeks a determination that the contracts at issue in this case fall within an exemption to the Interstate Land Sales Full Disclosure Act (ILSA or Act), 15 U.S.C. § 1701 - 1720. The plaintiffs assert claims under the ILSA. Trailhead concedes that it bears the burden of establishing the applicability of an exemption as an affirmative defense to an ILSA claim. **Jankus v. Edge Investors**, 650 F.Supp. 2d 1248, 1253 (S.D. Fla. 2009). I have reviewed the arguments advanced, authorities cited, and evidence cited by the parties, as well as the applicable law. I conclude that Trailhead has not met its burden of establishing the applicability of the exemption it claims.

The ILSA prohibits the sale or lease of lots in a subdivision using any means of interstate commerce, unless the lots are exempt from the Act or the seller furnishes the buyer with a "property report" prior to execution of a purchase agreement. 15 U.S.C. § 1703. In July 2007, the plaintiffs signed essentially identical pre-construction purchase and sale agreements (the Contract) to buy condominium units in a development in Steamboat Springs, Colorado. *Motion for summary judgment* [#40], Exhibit 1a (Contract). Trailhead agreed to build the units within two years. Trailhead completed construction and closings were scheduled for June 2009. Just before closing, the plaintiffs each sought to exercise a claimed right to rescission under the ILSA, based on Trailhead's failure to provide the plaintiffs with the "property report" required by the ILSA. Then as now, Trailhead claims that the Contract is not subject to the requirements of the ILSA.

3

Under 15 U.S.C. § 1702(a)(2), the ILSA is not applicable to the sale of land under a contract which obligates the seller to erect a building on the land within two years from the date of the contract. Section 1702(a)(2) provides that the Act shall not apply to

> the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years.

To be eligible for the exemption, the Contract must have obligated Trailhead to construct the Buyers' units within two years of the date they executed the Contract.

Federal law governs interpretation of the ILSA, a federal statutory scheme. The implementing regulations of the Department of Housing and Urban Development (HUD), as interpretative agency rules, are entitled to "great deference" in interpreting the Act. ***Winter v. Hollingsworth Properties, Inc.***, 777 F.2d 1444, 1448 (11th Cir.1985). In light of its remedial objectives, ILSA must be construed in favor of broad coverage. Its exemptions must be construed narrowly to ensure that Congress's essential purpose in enacting its remedial provisions is not frustrated. ***Olsen v. Lake Country, Inc.***, 955 F.2d 203, 206 (4th Cir.1991), ***cert. den.***, 503 U.S. 972 (1992) (exemptions from remedial statutes are to be construed narrowly). The parties both rely on relevant HUD regulations to support their arguments.

Addressing the motion for summary judgment, I focus on one provision of the Contract, referred to by the parties as the casualty provision. Paragraph 12(b) of the Contract, the casualty provision, provides:

> If casualty by fire or otherwise occurring prior to Closing damages any portion of the unit and/or the Project, then Seller shall have the right to terminate this Agreement by giving notice to Buyer. With any such notice Seller shall cause the Deposit to be returned to Buyer along with any accrued interest thereon. Buyer acknowledges that Buyer shall have no other remedy because of such damage and the parties shall be released

4

from all other obligations under this Agreement….

*Plaintiffs' motion for partial summary judgment* [#47], filed March 25, 2010, Exhibit 1 (Contract), ¶ 12(b).[3]

Among the HUD guidelines relevant to the interpretation of the ILSA and a determination of the applicability of the ILSA to the Contract is the following guideline:

> The contract must not allow for nonperformance by the seller at the seller's discretion. Contracts that permit the seller to breach virtually at will are viewed as unenforceable because the construction obligation is not an obligation in reality.
>
> Contracts that directly or indirectly waive the buyer's right to specific performance are treated as lacking a realistic obligation to construct. HUD's position is not that a right to specific performance must be expressed in the contract, but that any such right that purchasers have must not be negated. For example, a contract that provides for a refund or damage action as the buyer's sole remedy would not be acceptable.

*Motion for summary judgment* [#40], Exhibit 3 (HUD Guidelines), Part IV(b), at p. 6.

The casualty provision gives the seller broad discretion to terminate the Contract because that discretion becomes effective as a result of "casualty by fire or otherwise occurring prior to Closing [which] damages <u>any</u> portion of the unit and/or the Project." *Contract*, ¶ 12(b) (emphasis added). The Project is defined in the Contract to include the condominium units and the common elements. *Contract*, ¶ 2. Trailhead asserts that the common elements include the building's "foundations," "utility systems," "mechanical systems," "perimeter and supporting walls," and "drainage facilities." *Reply* [#46], Exhibit 5 (Declarations of Covenants, Conditions and Restrictions for Trailhead Lodge at Wildhorse Meadows), pp 4 - 5. In short, under the terms of the Contract, casualty by fire or otherwise occurring anywhere in the project triggers the seller's

---

[3] I cite this exhibit because paragraph 12(b) of the Contract is not provided in a fully readable form in Exhibit 1a to Trailhead's motion for summary judgment [#40].

5

discretion to terminate the contract. Further, once that discretion is triggered, the buyer's remedies are limited to return of their deposit along with any accrued interest. *Contract*, ¶ 12(b). In this circumstance, the Contract "provides for a refund . . . as the buyer's sole remedy . . . ." *Motion for summary judgment* [#40], Exhibit 3 (HUD Guidelines), Part IV(b), at p. 6. Under the HUD guidelines interpreting the exemption claimed by Trailhorse, such a limitation of a buyer's remedies is not acceptable. *Id.*

I have reviewed Trailhead's contention that the covenant of good faith and fair dealing effectively limits the scope of Trailhead's discretion under the casualty provision. I disagree that the covenant of good faith and fair dealing cabins so effectively Trailhead's discretion, for the purpose of the ILSA. Further, even if Trailhead's proposition is correct, the fact remains that the casualty provision negates the buyer's remedy of specific performance when the casualty provision is triggered. Under the HUD guidelines, that fact excludes the Contract from the § 1702(a)(2) exemption.

Interpreting the applicable provisions of the ILSA in favor of broad coverage, and construing the claimed exemption narrowly, I conclude that Trailhead has not established that the exemption it claims, the exemption stated in § 1702(a)(2), is applicable to the contracts at issue in this case.

## IV. ORDER

**THEREFORE, IT IS ORDERED** that the **Defendant Trailhead Lodge's Motion for Partial Summary Judgment** [#40] filed February 5, 2010, is **DENIED**.

Dated September 27, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge