## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No.  09-cv-02614-REB-KLM

WILLIAM I. DALZELL,
DEVON C. PURDY,
SAM PROPERTIES V, LLC, a Colorado limited liability company,
GREGORY HALLER,
PAMELA HALLER,
CINDY ROGERS, and
RONALD kOLLIGIAN,

      Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability
company,
S&P DESTINATION PROPERTIES, INC., a Delaware corporation, and
RP STEAMBOAT SPRINGS, LLC a Delaware limited liability company,

      Defendants.

---

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiffs' Motion for Partial Summary Judgment** [#47][1] filed march 25, 2010; (2) **Defendant RP Steamboat Springs' Motion for Summary Judgment** [#76] filed September 3, 2010; and (3) the plaintiffs' **Motion for Leave To File Sur-Reply To Defendant RP Steamboat Springs LLC's Motion for Summary Judgment** [#98] filed November 24, 2010.  The two motions for summary judgment have generated responses [#48, #49, #82], replies [#58,

---

[1]   "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

#91], and a sur-reply [#98-1].  I grant the plaintiffs' motion for partial summary judgment,

deny RP Steamboat's motion, and grant the plaintiffs' motion to file a sur-reply.[2]

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and

28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW & ANALYSIS

Summary judgment is proper when there is no genuine issue as to any material

fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome

of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A movant who bears the burden of proof at trial must submit evidence to

establish every essential element of its claim.  *See In re Ribozyme Pharmaceuticals,*

*Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  Once the

motion has been supported properly, the burden shifts to the nonmovant to show, by

tendering depositions, affidavits, and other competent evidence, that summary

judgment is not proper.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

_____

[2] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the papers. *Cf.* FED. R. CIV. P. 56(c) and (d). *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  All the evidence must

be viewed in the light most favorable to the party opposing the motion.  *Simms v.*

*Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165

F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

## III.  FACTS

Having reviewed the motions, responses, replies, and sur-reply, I conclude that

the following facts are undisputed.  In July, 2007, the plaintiffs signed essentially

identical pre-construction purchase and sale agreements to buy condominium units in a

development in Steamboat Springs, Colorado.  Exhibit One to the plaintiffs' motion for

summary judgment is a copy of the contract signed by plaintiffs Gregory and Pamela

Haller.  *Plaintiffs' motion for summary judgment* [#47], Exhibit 1 (Contract).  It is

undisputed that the contracts signed by the other plaintiffs are identical in all respects

material to this case.  The plaintiffs each agreed to buy condominium units from

defendant Trailhead Lodge at Wildhorse Meadows, LLC.  *Id.*, p. 1.  Trailhead agreed to

build the units within two years.  *Id.*, ¶ 7.h.  Prior to the two year anniversary of the

execution of the contracts, plaintiffs William Dalzell, Devon Purdy, and Gregory and

Pamela Haller provided notice of rescission of their contracts to Trailhead.[3]

The parties do not dispute that the Contracts did not comply with certain

requirements of the Interstate Land Sales Full Disclosure Act (ILSA or Act), 15 U.S.C. §

1701 - 1720.  The ILSA prohibits the sale or lease of lots in a subdivision using any

means of interstate commerce, unless the lots are exempt from the Act or the seller

---

[3]  The record contains no evidence that these plaintiffs provided notice of rescission to Trailhead. However, Trailhead does not dispute that these plaintiffs provided notice of rescission to Trailhead. *Trailhead's response* [#49], p. 4.  For the purpose of resolving the motions for summary judgment, I consider this fact to be undisputed.

furnishes the buyer with a "property report" prior to execution of a purchase agreement and includes certain terms in the agreement. 15 U.S.C. § 1703. The plaintiffs claim they are entitled to relief on their first, second, and third claims for relief based on the fact that the contracts did not comply with certain requirements of the ILSA.[4] Trailhead claims that the Contract is exempt from the requirements of the ILSA. The fate of the plaintiffs' ILSA claims is dependent on whether or not the Contract is exempt from the requirements of the ILSA.[5]

## IV. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In their motion, the plaintiffs seek summary judgment on their first claim for relief, alleging violation of the ILSA, their second claim for relief, seeking declaratory judgment under the ILSA, and their third claim for relief, seeking contract rescission under the ILSA. Each of these claims hinge on whether or not the contracts at issue fall within a particular exemption under the ILSA. The plaintiffs' motion for summary judgment, the response, and reply indicate that there are no disputed issues of material fact relevant to the issues addressed in the motion. Rather, the parties seek resolution of a question of law: whether or not the contracts at issue in this case fall within an exemption to the ILSA. FED. R. CIV. P. 56(c)(2).

Under 15 U.S.C. § 1702(a)(2), the ILSA is not applicable to the sale of land under a contract which obligates the seller to erect a building on the land within two years from

---

[4] The plaintiffs filed their **Second Amended Complaint** [#70] on July 26, 2010, after their motion for summary judgment was briefed fully. The complaint was amended to add an additional plaintiff, Ronald Kolligian. The nature of the plaintiffs' ILSA claims was not altered in the **Second Amended Complaint**. Thus, I consider the pending motions for summary judgment in relation to the ILSA claims asserted in the **Second Amended Complaint**.

[5] Defendant S & P Destination Properties, Inc., filed recently a notice [#94] indicating that it had reached a settlement with the plaintiffs resolving all of the claims asserted against S & P Destination Properties, Inc. Thus, this order does not apply to the claims asserted against S & P Destination Properties.

the date of the contract. Section 1702(a)(2) provides that the Act shall not apply to

> the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years.

To be eligible for the exemption, the Contract must obligate Trailhead to construct the buyers' units within two years of the date they executed the Contract.

The ILSA is a federal statutory scheme and, thus, is governed by federal law. The implementing regulations of the Department of Housing and Urban Development (HUD), as interpretative agency rules, are entitled to "great deference" in interpreting the Act. *Winter v. Hollingsworth Properties, Inc.*, 777 F.2d 1444, 1448 (11th Cir.1985). In light of its remedial objectives, the ILSA must be construed in favor of broad coverage. Its exemptions must be construed narrowly to ensure that Congress's essential purpose in enacting its remedial provisions is not frustrated. *Olsen v. Lake Country, Inc.*, 955 F.2d 203, 206 (4th Cir.1991), *cert. den.*, 503 U.S. 972 (1992) (exemptions from remedial statutes are to be construed narrowly). The parties both rely on relevant HUD regulations to support their arguments.

Addressing the plaintiffs' motion for summary judgment, I focus on one provision of the Contract, referred to by the parties as the casualty provision. Paragraph 12(b) of the Contract, the casualty provision, provides:

> If casualty by fire or otherwise occurring prior to Closing damages any portion of the unit and/or the Project, then Seller shall have the right to terminate this Agreement by giving notice to Buyer. With any such notice Seller shall cause the Deposit to be returned to Buyer along with any accrued interest thereon. Buyer acknowledges that Buyer shall have no other remedy because of such damage and the parties shall be released from all other obligations under this Agreement….

*Contract*, ¶ 12(b).

Among the HUD guidelines relevant to the interpretation of the ILSA and a determination of the applicability of the ILSA to the Contract is the following:

> The contract must not allow nonperformance by the seller at the seller's discretion. Contracts that permit the seller to breach virtually at will are viewed as unenforceable because the construction obligation is not an obligation in reality. Thus, for example, a clause that provides for a refund of the buyer's deposit if the seller is unable to close for reasons normally within the seller's control is not acceptable for use under this exemption. Similarly, contracts that directly or indirectly waive the buyer's right to specific performance are treated as lacking a realistic obligation to construct. HUD's position is not that a right to specific performance of construction must be expressed in the contract, but that any such right that purchasers have must not be negated. For example, a contract that provides for a refund or a damage action as the buyer's sole remedy would not be acceptable.

61 FR 13596-01.

The casualty provision gives the seller broad discretion to terminate the Contract because that discretion becomes effective as a result of "casualty by fire or otherwise occurring prior to Closing [which] damages any portion of the unit and/or the Project." *Contract*, ¶ 12(b) (emphasis added).  The Project is defined in the Contract to include the condominium units and the common elements.  *Contract* , ¶ 2.  In a previous filing, Trailhead asserted that the common elements include the building's "foundations," "utility systems," "mechanical systems," "perimeter and supporting walls," and "drainage facilities."  *Reply* [#46], Exhibit 5 (Declarations of Covenants, Conditions and Restrictions for Trailhead Lodge at Wildhorse Meadows), pp 4 - 5.  In short, under the terms of the Contract, casualty by fire or otherwise occurring anywhere in the project triggers the seller's discretion to terminate the contract.  Further, once that discretion is triggered, the buyer's remedies are limited to return of their deposit along with any accrued interest.  *Contract*, ¶ 12(b).  In this circumstance, the Contract "provides for a refund . . . as the buyer's sole remedy . . . ."  61 FR 13596-01.  Under the HUD

guidelines interpreting the exemption claimed by Trailhead, such a limitation of a buyer's remedies is not acceptable. *Id.*

In its motion for summary judgment [#40] filed February 5, 2010, Trailhead argued that the covenant of good faith and fair dealing effectively limits the scope of Trailhead's discretion under the casualty provision. I disagree that the covenant of good faith and fair dealing cabins so effectively Trailhead's discretion, for the purpose of the ILSA. Further, even if Trailhead's proposition is correct, the fact remains that the casualty provision negates the buyer's remedy of specific performance when the casualty provision is triggered. Under the HUD guidelines, that fact excludes the Contract from the § 1702(a)(2) exemption. Interpreting the applicable provisions of the ILSA in favor of broad coverage, and construing the claimed exemption narrowly, I conclude that the Contract does not fall within the ILSA exemption stated § 1702(a)(2).

Viewing the undisputed facts in the record in the light most favorable to the defendants, I conclude that no reasonable finder of fact could find in favor of the defendants on their claim that the Contract is exempt from the requirements of the ILSA. It is undisputed that the Contract does not comply with the ILSA. Therefore, I conclude that the plaintiffs' motion for partial summary judgment must be granted as to the liability of defendant Trailhead Lodge at Wildhorse Meadows, LLC, on the plaintiffs' first, second, and third claims for relief, their claims under the ILSA. *Second Amended Complaint* [#70] filed July 26, 2010. The remedies for violations of the ILSA include rescission of the contract, an immediate return of the buyers' earnest money, and an award of interest, costs, and reasonable attorney fees. 15 U.S.C. §§ 1703, 1709. The undisputed facts in the record do not support the entry of judgment granting any of the forms of relief authorized under the Act. Those issues may be resolved at trial. As

discussed below, it remains uncertain whether or not defendant RP Steamboat Springs, LLC, is subject to liability under the ILSA.  Therefore, I deny the plaintiffs' motion for summary judgment as to defendant RP Steamboat Springs, LLC.

## V.  RP STEAMBOAT'S  MOTION

In its motion, defendant RP Steamboat Springs, LLC, seeks summary judgment on all claims asserted against it under the ILSA.  The plaintiffs' first, second, and third claims for relief are based on 15 U.S.C. § 1703 (a)(1)(A) and (B), as well as § 1703 (b), (c), and (d).  Section 1703 (a)(1)(A) and (B) both provide that it "shall be unlawful for any developer or agent, directly or indirectly . . . to sell or lease any lot" unless certain specified requirements of the ILSA have been met.  RP Steamboat argues that it is not subject to any liability under §1703 (a)(1)(A) and (B) because it did not sell or lease Trailhead units to the plaintiffs.  The plaintiffs argue that RP Steamboat sold, indirectly, Trailhead units and is liable as an indirect seller under § 1703.

I have reviewed RP Steamboat's motion [#76], the plaintiffs' response [#82], RP Steamboat's reply [#91], and the plaintiffs' sur-reply [#98-1], the arguments advanced, authorities cited, and evidence cited by the parties, as well as the applicable law.  I conclude that there are genuine issues of material fact concerning the ILSA claims against RP Steamboat that are not appropriate for summary resolution.  Therefore, I deny RP Steamboat's motion.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion for Partial Summary Judgment** [#47] filed March 25, 2010, is **GRANTED** to the extent that defendant Trailhead Lodge at Wildhorse Meadows, LLC, is liable on the plaintiffs' first, second, and third claims for relief, as

stated in the plaintiffs' **Second Amended Complaint** [#70] filed July 26, 2010;

2.  That the relief, if any, to which the plaintiffs may be entitled on their first, second, and third claims for relief shall be determined at trial;

3.  That the **Plaintiffs' Motion for Partial Summary Judgment** [#47] filed march 25, 2010, is **DENIED** as to the plaintiffs' claims against defendant RP Steamboat Springs, LLC;

4.  That **Defendant RP Steamboat Springs' Motion for Summary Judgment** [#76] filed September 3, 2010, is **DENIED**;

5.  That the plaintiffs' **Motion for Leave To File Sur-Reply To Defendant RP Steamboat Springs LLC's Motion for Summary Judgment** [#98] filed November 24, 2010, is **GRANTED**; and

6.  That the sur-reply [#98-1] tendered by the plaintiffs' is **ACCEPTED** for filing.

Dated November 30, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge