**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-02614-REB-KLM

WILLIAM I. DALZELL,
DEVON C. PURDY,
SAM PROPERTIES V, LLC, a Colorado limited liability company,
GREGORY HALLER, and
PAMELA HALLER,

     Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability company, and
RP STEAMBOAT SPRINGS, LLC a Delaware limited liability company,

     Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE

**Blackburn, J.**

This matter is before me on the **Defendants' Motion To Exclude Documents Outside the Record and Obtained in Violation of Rule 45(b) and Rule 16** [#131][1] filed February 15, 2011.  The plaintiffs filed a response [#135], and the defendants filed a reply [#136].  I grant the motion.

The discovery deadline in this case was September 30, 2010.  On January 27, 2011, the plaintiffs served a subpoena on S & P Destination Properties, Inc., seeking production of certain documents.  S & P was a defendant in this case until S & P was terminated as a defendant on December 2, 2010.  The plaintiffs did not serve notice of

---

[1] "[#131]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

the subpoena on the remaining defendants before serving the subpoena on S & P.  S & P responded to the subpoena by producing certain documents to the plaintiffs.

The plaintiffs now seek to use one document produced in response to the subpoena as an exhibit in support of their opening brief [#124], which was filed under the parties' **Stipulation for Final Briefing** [#119].  The exhibit in question, marked as Exhibit 34, was tendered to the court at a hearing at which the parties presented oral argument on their final briefs.  Exhibit 34 was accepted pending resolution of the defendants' motion to exclude.

The defendants argue that the plaintiffs should not be permitted to conduct additional discovery, via a subpoena to a former defendant, long after the discovery deadline has passed.  The defendants note also that the plaintiffs did not notify the defendants of the subpoena before the subpoena was served as required by FED. R. CIV. P. 45(b)(1).

In response, the plaintiffs argue that defendant RP Steamboat Springs, LLC and S & P should have produced the document shown in Exhibit 34.  The plaintiffs did not conduct any discovery in this case.  The plaintiffs do not argue explicitly that RP or S & P should have disclosed Exhibit 34 as part of their disclosures under FED. R. CIV. P. 26(a), but the plaintiffs argue that Exhibit 34 "should have been properly disclosed voluntarily . . . ." *Response* [#135], p. 5.

I find and conclude that the plaintiffs use of a subpoena to obtain additional documents from S & P, long after the discovery deadline had expired and after S & P had been dismissed as a defendant, is not proper.  Even if it is assumed that the document should have been disclosed under FED. R. CIV. P. 26, that fact does not justify the conduct of unauthorized discovery long after the expiration of the discovery

2

deadline. FED. R. CIV. P. 37 provides remedies for any such improper non-disclosure. Use of a subpoena to obtain documents from a former defendant after the discovery deadline expired constitutes an ultra virus effort to conduct discovery beyond the time permitted by the court. Absent a motion to extend the discovery deadline, and a court order extending that deadline, the court will not sanction or permit the conduct of discovery outside of the time period designated by the court. Exhibit 34 was obtained via the plaintiffs' efforts to conduct discovery outside of the time period designated by the court. Acceptance of Exhibit 34 by the court as an exhibit in support of the plaintiffs' opening brief would sanction the plaintiffs' effort to conduct discovery outside of the time period permitted by the court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion To Exclude Documents Outside the Record and Obtained in Violation of Rule 45(b) and Rule 16** [#131] filed February 15, 2011, is **GRANTED**; and

2. That the plaintiffs' Exhibit 34, a document titled "Wildhorse Meadows, Steamboat Springs Trailhead Lodge Launch Marketing & Sales Strategy," dated November 12, 2006, is **EXCLUDED** from the exhibits filed by the plaintiffs in support of their opening brief [#124].

Dated September 27, 2011, at Denver, Colorado.

                                               **BY THE COURT:**

                                               */s/ Robert E. Blackburn*
                                               Robert E. Blackburn
                                               United States District Judge