IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02614-REB-KLM

WILLIAM I. DALZELL,
DEVON C. PURDY,
SAM PROPERTIES V, LLC, a Colorado limited liability company,
GREGORY HALLER,
PAMELA HALLER,
CINDY ROGERS, and
RONALD KOLLIGIAN,

    Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability company, and
RP STEAMBOAT SPRINGS, LLC, a Delaware limited liability company,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' opposed **Amended Motion to Join Additional Defendant and for Leave to Amend and File Third Amended Complaint** [Docket No. 152; Filed May 31, 2012] (the "Motion"). On June 25, 2012, Defendants filed a Response [#154]. On July 16, 2012, Plaintiffs filed a Reply [#158]. In short, Plaintiffs move to join Trailhead Lodge Acquisitions, LLC ("Acquisitions") as a defendant in this matter, because Acquisitions is the alleged successor to certain relevant interests obtained in a foreclosure sale from Defendant Trailhead Lodge at Wildhorse Meadows, LLC ("Trailhead"). *See Motion* [#152] at 2.

Fed. R. Civ. P. 25(c) governs the joinder of a party in the situation presented by this case. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." A "transfer of interest" in a corporate context "occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993). Whether a substitution of a party should be permitted under Rule 25(c) is a matter for the exercise of the Court's discretion. *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 322 Fed. App'x 630, 632 (10th Cir. 2009); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978).

In lieu of a trial to the Court, the parties submitted written briefs and, on February 17, 2011, the District Judge heard oral argument on the underlying issues in this matter. *See Stipulation* [#119] at 1; *Order* [#120] at 1; *Minutes* [#137]. A ruling has not yet been issued. *See Reply* [#158] at 1-2.

Defendants do not contest that Acquisitions is the successor in interest to the relevant interests of Defendant Trailhead.[1] *See Response* [#154]. In fact, Defendants argue only that Plaintiffs' Motion is untimely. *See id.* at 2. However, as a final judgment has not yet been entered in this matter, Defendants' contention is without merit. *See* 7C Wright & Miller, Fed. Prac. & Proc. § 1958 (3d ed.) (stating that "[s]ince Rule 25(c) is wholly permissive there is no time limit on moving to substitute under its provisions").

"The most significant feature of Rule 25(c) is that it does not require that anything

---

[1] In the interest of clarity, the Court notes that it does not reach the question of whether Aquisitions is, in fact, the successor in interest to the relevant interests of Defendant Trailhead.

be done after an interest has been transferred." *Id.* "The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named."[2] *Capitol Packaging Corp. v. Stone Container Corp.*, 98-cv-01641-REB-BNB, 2006 WL 6840942, at *2 (D. Colo. June 27, 2006 (quoting 7C Wright & Miller, Fed. Prac. & Proc. § 1958 (3d ed.)); *see also Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787 (10th Cir. 1960).

This case is nearly at a close, and Plaintiffs have provided no reason why joinder of Defendant Trailhead's successor in interest "would facilitate the conduct of this litigation." *See* 7C Wright & Miller, Fed. Prac. & Proc. § 1958 (3d ed.) (collecting cases stating that an "order of joinder is merely a discretionary determination" based on whether joinder of the additional party would facilitate the advancement of the case). In fact, Plaintiffs state that "Plaintiffs were not even required to move the Court to add the successor entity prior to receiving a final judgment, but instead could have waited for a final judgment and enforced such anticipated judgment against the successor entity . . . ." *Reply* at 2-3. Thus, at this extremely late stage of the case, after the parties have presented the remaining legal issues and supporting evidence to the District Judge for his consideration, the Court finds that joinder of an additional defendant and the filing of an amended complaint to reflect that joinder would only unnecessarily complicate this matter. *See Medical Supply Chain, Inc. v. Neoforma, Inc.*, 2006 WL 2570312, at *3 (D. Colo. Aug. 7, 2006) (declining to substitute

---

[2] Plaintiffs appear to agree that joinder is not necessary for them to obtain judgment against Defendant Trailhead's successor in interest: "Fed. R. Civ. P. 25(c) does not require an action for substitution or joinder when a transfer or interests occurs while an action is pending. The action may be continued against the original party and the judgment will be binding on its successor." *Reply* [#158] at 2.

party pursuant to Rule 25(c) when the substitution would not change the outcome of the case); *see also* 7C Wright & Miller, Fed. Prac. & Proc. § 1958 (3d ed.) (stating that "[s]ince the matter is discretionary, the court also may refuse substitution if this seems the wisest course"); *Advanced Marketing Grp., Inc. v. Business Payment Systems, LLC*, 269 F.R.D. 355 (S.D.N.Y. 2010) (refusing substitution of successor in interest where litigation would otherwise "come to a rapid close" and where permitting the substitution "would only serve to add duration, costs, and complexity to the action").  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#152] is **DENIED**.

Dated:  August 2, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge