**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02614-REB-KLM

WILLIAM I. DALZELL,
DEVON C. PURDY,
SAM PROPERTIES V, LLC, a Colorado limited liability company,
GREGORY HALLER,
PAMELA HALLER,
CINDY ROGERS, and
RONALD KOLLIGIAN,

    Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability company, and
RP STEAMBOAT SPRINGS, LLC a Delaware limited liability company,

    Defendants.

## ORDER CONCERNING MOTION FOR ATTORNEY FEES

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Attorney's fees** [#167][1] filed February 8, 2013. No response to the motion was filed. I grant the motion in part and deny it in part.

### I. STANDARD OF REVIEW

The generally applicable "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." ***Alyeska Pipeline Service Co. v. Wilderness Society***, 421 U.S. 240, 247 (1975); ***see also***

---

[1] "[#167]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Federal Trade Commission v. Kuykendall***, 466 F.3d 1149, 1152 (10th Cir. 2006). In this case, the plaintiffs are the prevailing parties on claims under 15 U.S.C. § 1709, part of the Interstate Land Sales Full Disclosure Act (ILSA), 15 U.S.C. § 1701 - 1720. Under § 1709(c), the amounts recoverable on a claim under § 1709 include "interest, court costs, and reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot." Thus, the plaintiffs are entitled to an award of reasonable attorney fees against Trailhead Lodge at Wildhorse Meadows, LLC (Trailhead LLC), the defendant against which the plaintiffs are the prevailing parties on their ILSA claims.

The starting point for any calculation of a reasonable attorney fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. ***Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983); ***Malloy v. Monahan***, 73 F.3d 1012, 1017-18 (10th Cir. 1996). In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client. ***Hensley***, 103 S.Ct. at 1941; ***Malloy***, 73 F.3d at 1018. "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" ***Hensley***, 103 S.Ct. at 1940 (quoting ***Copeland v. Marshall***, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in ***Copeland***). Counsel, therefore, must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." ***Id***. at 1939-40.

## II.  FACTS

Judgment has entered in favor of plaintiffs William I Dalzell, Devon Purdy, SAM Properties V, LLC, Gregory Haller, Pamela Haller, Cindy Rogers, and Ronald Kolligian, and against defendant Trailhead Lodge at Wildhorse Meadows, LLC, on the plaintiffs' claims under the ILSA. Following submission of the plaintiff's ILSA claims on briefing by

the parties, in lieu of trial to the court, the court determined that defendant RP Steamboat Springs, LLC is not liable to the plaintiffs under the ILSA. Judgment has entered in favor of RP and against the plaintiffs on the ILSA claims. The plaintiffs stipulated to the dismissal of their claims under state law. *Stipulation* [#111] filed December 2, 2010.

### III. ANALYSIS

The plaintiffs are entitled to an award of reasonable attorney fees limited to fees reasonably incurred in relation to the ILSA claims on which they are the prevailing parties. The plaintiffs prevailed on these claims only as to defendant Trailhead LLC. To some extent, the fees incurred by the plaintiffs concerning their claims against Trailhead LLC involved work by their attorneys on issues and tasks that overlapped with work on the ILSA claims against RP. To the extent the plaintiffs seek an award of fees on these overlapping issues, I find and conclude that the fees incurred would have been incurred had the plaintiffs pursued claims against Trailhead LLC only. On that basis, I conclude that such fees may be awarded in favor of the plaintiffs and against Trailhead LLC.

A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. **Blum v. Stenson**, 465 U.S. 886, 895 (1984); **Gudenkauf**, 158 F.3d at 1082; **Metz,** 39 F.3d at 1493. The hourly rates charged to the plaintiffs in this case, as shown in the affidavits [#167-1 & #167-3] filed in support of the plaintiffs' motion, are reasonable considering the prevailing market rate for attorneys of similar experience in the community in question. I note that the facts in this case were somewhat complex and application of the ILSA presents complex issues of law. Generally, counsel for the plaintiffs presented the plaintiffs' case skillfully. However, I find and conclude that some of the hours spent on tasks for which the

plaintiffs seek to recover attorney fees either were not spent on this litigation or otherwise are not properly included in an award of attorney fees, given the circumstances of this case.

First, the current record does not show that the hours billed by attorney Wendy Fostvedt between July 2, 2009, and September 30, 2009, are related to this case. The billing entries in that time window reflect work on the defense side of a lawsuit. For example, the entries for August 20 and September 4, 2009, show time billed for drafting an answer and counterclaims. *Affidavit of Wendy Fostvedt* [#167-1], Exhibit A. On the current record, there is no indication of how work on this earlier case was necessary in the present case. Only after October 1, 2009, do the billing records show clearly work on the present case. The initial complaint [#1] in this case was filed on November 5, 2009. For the entries prior to October 1, 2009, I reduce the fees sought by the plaintiffs by $12,937.50.

Second, the early billing entries which show work on the present case show several hours of attorney work devoted to work on a contingency fee agreement between the plaintiffs and their attorneys. I conclude that there is substantial doubt about the necessity or propriety of billing hours to the plaintiffs for preparation of their fee agreement. These hours are not properly included in an award of attorney fees.

Third, some entries for which the plaintiffs seek recovery show work on claims on which the plaintiffs are not the prevailing party or work on this case focused on a defendant against which the plaintiffs are not the prevailing party. *See, e.g. Affidavit of Wendy Fostvedt* [#167-1], Exhibit A, entries for October 27, 2009, December 10, 2009, November 17, 2010. Fees for work on these topics are not recoverable against Trailhead LLC.

Some entries describe work on tasks or topics not properly included in an award of attorney fees combined with a description of tasks or topics properly included in a fee award. However, these combined descriptions do not specify the time spent on each discrete task described. *See, e.g. Affidavit of Wendy Fostvedt* [#167-1], Exhibit A, entries for October 27, 2009, November 10, 2010, November 16, 2010. I exclude such entries from the award because, absent an exclusion of the improper item, the plaintiffs have not shown that the fees charged in the entry are reasonable. On the bases outlined in this paragraph and the two preceding paragraphs, I reduce the fees sought by the plaintiffs by $12,650.

Finally, the billing records of Ms. Fostvedt show more than 130 hours billed to the task of preparing the plaintiffs' motion for partial summary judgment [#47] in this case. In addition, the billing records for other attorneys who worked on this motion show that more than 55 additional hours were billed to work on the plaintiffs' motion for summary judgment. Although that motion involved complex and specialized issues under the ILSA, I conclude that 185 attorney hours is an unreasonable number of hours to bill for the task of preparing this motion. To achieve a rough measure of justice on this issue, I reduce the number of hours on which the award is based by 50 hours billed at the rate of 250 dollars per hour. On this basis, I reduce the fees sought by the plaintiffs by $12,500.

The plaintiffs seek an award of attorney fees in the amount of $199,185.00. For the reasons discussed in this order, I reduce the amount awarded to the plaintiffs by $38,087.50. The reduction results in a total of attorney fees reasonably billed in this case of $161,097.50. Except for the reductions described in this order, I find and conclude that the number of hours spent by the plaintiffs' attorneys on this litigation is

reasonable, that the hourly rate charged by the plaintiffs' attorneys is reasonable, and that the total fee charged by the plaintiffs' attorneys is reasonable. Therefore, I grant the plaintiffs' motion for attorney fees in the lodestar amount of $161,097.50 and, under 15 U.S.C. § 1709(c), award that amount to the plaintiffs, to be paid by defendant Trailhead Lodge at Wildhorse Meadows, LLC.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion for Attorney's fees** [#167] filed February 8, 2013, is **GRANTED** in part consistent with the foregoing findings and conclusions and consistent with the following orders;

2. That under 15 U.S.C. § 1709(c), plaintiffs William I Dalzell, Devon Purdy, SAM Properties V, LLC, Gregory Haller, Pamela Haller, Cindy Rogers, and Ronald Kolligian are **AWARDED** attorney fees in the amount of $161,097.50;

3. That the award **SHALL BE PAID** by defendant Trailhead Lodge at Wildhorse Meadows, LLC; and

4. That under a separate order, the court will order that the extant judgment in this case **BE AMENDED** to reflect the award of attorney fees.

Dated September 23, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge