**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02614-REB-KLM

WILLIAM I. DALZELL,
DEVON C. PURDY,
SAM PROPERTIES V, LLC, a Colorado limited liability company,
GREGORY HALLER,
PAMELA HALLER,
CINDY ROGERS, and
RONALD KOLLIGIAN,

    Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability company, and
RP STEAMBOAT SPRINGS, LLC a Delaware limited liability company,

    Defendants.

---

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

**Blackburn, J.**

    This matter is before me on the plaintiffs' **Motion To Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e)** [#163][1] filed January 31, 2013. Defendant RP Steamboat Springs, LLC filed a response [#171], and the plaintiffs filed a reply [#174]. I deny the motion.

    This case was submitted to the court on the briefs and supporting affidavits of the parties. By stipulation [#119] of the parties, these submissions were made in lieu of trial to the court. On January 4, 2013, I entered my **Findings of Fact, Conclusions of**

---

[1] "[#163]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Law, and Order** [#162] addressing the remaining issues in this case and directing the entry of judgment. Judgment [#164] entered on January 31, 2013.

## I. STANDARD OF REVIEW

Under FED. R. CIV. P. 59(e), a court may alter or amend a judgment. The primary bases for a motion under Rule 59(e) are:

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

## II. ANALYSIS

This case involves claims under the Interstate Land Sales Full Disclosure Act (ILSA), 15 U.S.C. § 1701 - 1720. The key issue addressed and resolved in my **Findings of Fact, Conclusions of Law, and Order** [#162] was whether defendant RP Steamboat Springs LLC is liable for violations of the ILSA which occurred when Trailhead Lodge at Wildhorse Meadows, LLC sold condominium units to the plaintiffs. Ultimately, given the facts of this case, I concluded that RP is not liable for those violations of the ILSA.

In their motion to alter or amend judgment, the plaintiffs ask me to reconsider my conclusion that RP is not subject to liability under the ILSA. The plaintiffs raise five issues and, on each issue, contend RP is subject to liability under 15 U.S.C. § 1709(a), part of the ILSA. The plaintiffs' five contentions are (1) RP is a "developer" under the ILSA; (2) RP's advertising efforts constituted selling under the ILSA; (3) RP qualifies as an indirect seller under the ILSA; (4) RP controlled the advertising efforts of Trailhead Lodge and that control makes RP and indirect seller; and (5) RP is liable as a

participating planner, given the holding in *McCown v. Heidler*, 527 F.2d 204 (10th Cir. 1975).

Each of these issues was raised and discussed by the parties in their briefs submitted in lieu of trial to the court. I discussed each of these issues in detail in my **Findings of Fact, Conclusions of Law, and Order** [#162]. Generally, the plaintiffs' motion to alter or amend the judgment is a festooned reiteration of the issues addressed in previous briefing and in the court's final order. Nothing in the plaintiffs' motion shows that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. The plaintiffs argue that there is a need to correct clear error in my determination of the law as it applies to the facts in this case. Based on the facts found and the law discussed in my **Findings of Fact, Conclusions of Law, and Order** [#162], I conclude that there is no clear error to correct.

The plaintiffs cite one opinion issued after the parties' briefs in lieu of trial to the court. In that case, *Aaron v. Trump Organization, Inc.*, 2011 WL 2784151 (M.D. Fla. 2011), the court addressed the issue of whether the defendants were liable under the ILSA because they acted as a developer or agent. The court held that the defendants were subject to liability under the ILSA because they "indirectly advertised for sale or personally participated in the sale of the units in the Trump Tower Tampa." *Id*. at *4, *6. The facts in *Aaron* differ significantly from the facts in the present case. Thus, I do not find the holding in *Aaron* to be persuasive on the issues presented in the plaintiffs' motion. *Aaron* is not binding or persuasive authority.

### III. CONCLUSION & ORDER

In their motion to alter or amend the judgment, the plaintiffs have not established an intervening change in the controlling law, the existence of new evidence previously

unavailable, or the need to correct clear error or prevent manifest injustice. Therefore, the plaintiffs' motion is denied.

**THEREFORE, IT IS ORDERED** that the plaintiffs' **Motion To Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e)** [#163] filed January 31, 2013, is **DENIED**.

Dated September 23, 2013, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge